UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER PIPER and
OSCAR AQUINO,

    Plaintiffs,

v.                                          Case No. 8:18-cv-3038-TPB-JSS

METRO SOLUTIONS, LLC,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the report of Julie S. Sneed, United States Magistrate Judge, entered on February 6, 2021. (Doc. 87). Judge Sneed recommends that Plaintiffs' "Motion for Entry of Default Judgment" against Defendant Metro Solutions, LLC (Doc. 66) be granted in part and denied in part as more specifically set forth below. Neither Plaintiffs nor Defendant filed an objection to the report and recommendation, and the time to object has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed, a court reviews the report and

recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

After careful consideration of the record, including Judge Sneed's report and recommendation, the Court adopts the report and recommendation. The Court agrees with Judge Sneed's detailed and well-reasoned findings and conclusions. Consequently, Plaintiffs' motion for default judgment will be granted in part and denied in part as recommended by Judge Sneed.

Judge Sneed recommends that Plaintiffs be awarded their attorney's fees and costs based upon the hourly rate and time spent by Plaintiffs' attorneys, which Judge Sneed finds reasonable. Judge Sneed also recommends that the amount of the fees and costs awarded be determined upon submission of a bill of costs and supplemental information regarding attorney's fees. On February 25, 2021, Plaintiffs filed an "Affidavit of Counsel Regarding Fees and Costs." (Doc. 88). The Court directed Plaintiffs to submit a bill of costs and a supplemental memorandum, which they did on March 5, 2021. *See* (Docs. 89; 90).

Based on the analysis in Judge Sneed's report and recommendation and Plaintiffs' supplemental filings, Plaintiff Piper is awarded $24,630.25 in attorney's fees. The Clerk's fees, service fees, transcripts, and copying costs shown on the bill of costs for Piper are taxable under 28 U.S.C. § 1920 and will be awarded in the total amount of $1064.95.[1] The bill of costs also reflects $684.77 in "other costs," the

---

[1] There is an unexplained discrepancy between the $811.41 shown for transcripts on the bill of costs for Piper and the $588.00 for such costs supported by the Affidavit of Counsel and the invoices it attaches as exhibits. The Court therefore awards the latter amount for transcripts.

latter identified in Plaintiffs' supplemental memorandum as costs of electronic research. Plaintiffs offer no legal authority supporting the recovery of such costs in this case. The cost of electronic research therefore will not be awarded.

Plaintiff Oscar Aquino is awarded $14,119.00 in attorney's fees. The Clerk's fees, service fees, copying costs, and transcript costs shown on the bill of costs for Aquino are taxable under 28 U.S. § 1920 and will be awarded in the total amount of $1186.25. For the reasons stated above, the $827.60 sought for electronic research on behalf of Aquino will not be allowed.

Finally, Judge Sneed recommends that Plaintiffs be awarded prejudgment interest on their backpay awards, running from their respective dates of termination to the date of judgment. Piper was terminated on June 18, 2018 and Aquino was terminated on June 1, 2018. Plaintiffs are awarded prejudgment interest on their backpay awards, calculated based upon the average Internal Revenue Service underpayment rate pursuant to 26 U.S.C. § 6621(a)(2), from the foregoing dates to the date of judgment. *See Equal Emp't Opportunity Comm'n v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512 (11th Cir. 1987); *McKelvy v. Metal Container Corp.*, 125 F.R.D. 179, 181 (M.D. Fla. 1989).

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The report and recommendation (Doc. 87) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. "Plaintiffs' Motion for Entry of Default Judgment" (Doc. 66) is **GRANTED IN PART** and **DENIED IN PART**.

3. Plaintiffs' motion is **GRANTED** to the extent that the Clerk is **DIRECTED** to enter final default judgment as to Count I of the complaint in favor of Plaintiff Amber Piper and against Defendant Metro Solutions, LLC, in the following amounts:

    a. $6,704.80 in backpay, with prejudgment interest on the backpay award running from June 18, 2018 to the date of judgment, calculated based upon the average Internal Revenue Service underpayment rate during that period pursuant to 26 U.S.C. § 6621(a)(2);

    b. $50,000.00 in punitive damages;

    c. $24,630.00 in attorney's fees,

    d. $1064.95 in costs; and

    e. post judgment interest accruing pursuant to 28 U.S.C. § 1961

    for which sums let execution issue.

4. Plaintiffs' motion is further **GRANTED** to the extent that the Clerk is **DIRECTED** to enter final default judgment as to Count V of the complaint in favor of Plaintiff Oscar Aquino and against Defendant Metro Solutions, LLC, in the following amounts:

    a. $2,125.00 in backpay, with prejudgment interest on the backpay award running from June 1, 2018 to the date of judgment

       calculated based upon the average Internal Revenue Service underpayment rate during that period pursuant to 26 U.S.C. § 6621(a)(2);

  b. front pay of $4,900.00;

  c. $14,119.00 in attorney's fees;

  d. $1186.25 in costs, and

  e. postjudgment interest accruing pursuant to 28 U.S.C. § 1961

for which sums let execution issue.

5. The Court retains jurisdiction for one year for the purpose of issuing writs necessary to effectuate the judgments.

6. Plaintiffs' motion is otherwise **DENIED**.

7. After the entry of the final judgments, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of March, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**