UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER PIPER and OSCAR AQUINO,

    Plaintiffs,

v.                                                                Case No: 8:18-cv-3038-TPB-JSS

METRO SOLUTIONS, LLC,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiffs' Motion to Compel ("Motion") (Dkt. 94), Supplement to the Motion (Dkt. 95), and Status Update (Dkt. 97). In the Motion, Plaintiff moves the Court to compel Defendant, Metro Solutions, LLC ("Defendant"), through its sole member-manager Christopher G. Brown, to appear for a second deposition and produce discovery to aid Plaintiffs in collection of their judgment against Defendant. (Dkt. 94.) Defendant and Mr. Brown served objections to the subpoena. (Dkt. 94-1.) Mr. Brown also appeared for a deposition. (Dkt. 94-2.) Defendant failed to respond to the Motion and, upon review of the Certificate of Service, the Court directed Plaintiffs to serve the Motion on Defendant or its counsel in accordance with Federal Rule of Civil Procedure 5 ("Service Order"). (Dkt. 96.)

Defendant is not currently represented by counsel. (Dkts. 97, 98.) As a limited liability company, Defendant cannot proceed *pro se* before this Court. *See* M.D. Fla.

Local R. 2.02(b)(2). Further, Plaintiffs filed a status report, notifying the Court that Defendant is not represented by counsel and that Plaintiffs attempted to serve the Service Order on Defendant directly. (Dkt. 97.) However, Plaintiffs have been unable to serve Defendant with the Motion and the Service Order at Mr. Brown's residence. (*Id.* at 1.) In the Return of Service, Plaintiffs' process server states that he believes "Christopher G. Brown is avoiding service." (Dkt. 97-2.)

Plaintiffs filed the Motion on September 28, 2021. The Certificate of Service for the Motion states that Plaintiffs served the Motion by e-filing it with the Court's CM/ECF system and by email to an attorney who has not appeared in this action. As noted in the Service Order, and based upon Plaintiffs' recent status update, it appears that Defendant has not yet been served with the Motion in accordance with Rule 5.

Federal Rule of Civil Procedure 5(a)(1)(D) provides that a written motion, other than one that may be heard *ex parte*, must be served on every party.[1] When a party is unrepresented, service may be made by personal delivery, substituted service, or mailing to the last known address, among others. Fed. R. Civ. P. 5(b)(2). Based on the Return of Service (Dkt. 97-2), it appears that Plaintiffs have only attempted service by personal delivery to Mr. Brown, as the registered agent of Defendant. There is no evidence that Plaintiffs have attempted other means of service, including mailing, nor

---

[1] Rule 5(a)(2) provides that service is not required on a party who "is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). Defendant defaulted in the underlying litigation, and the Court entered default judgment. (Dkt. 91.) However, in these post-judgment collection proceedings, Defendant served objections to Plaintiffs' post-judgment discovery and appeared for a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Thus, it does not appear that Rule 5(a)(2) would apply, and Plaintiffs have not made any argument concerning this issue.

have Plaintiffs moved the Court to permit alternative means of service. The Motion has been pending for over thirty days, but Defendant has not yet been served. Accordingly, it is **ORDERED** that Plaintiffs' Motion to Compel (Dkt. 94) is **DENIED** without prejudice. Plaintiffs may refile the Motion when service can be effected on Defendant.

**DONE** and **ORDERED** in Tampa, Florida, on November 17, 2021.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record