UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER PIPER and OSCAR AQUINO,

      Plaintiffs,

v.                                Case No: 8:18-cv-3038-TPB-JSS

METRO SOLUTIONS, LLC,

      Defendant.

_____/

## ORDER

THIS MATTER is before the court on Plaintiffs' Renewed Motion to Compel Discovery ("Motion") (Dkt. 100) and Plaintiffs' Notice of Filing Exhibits (Dkt. 102) to the Motion.  Plaintiffs seek to compel post-judgment discovery against Defendant, following the entry of a final default judgment.  It appears that Defendant is not represented by counsel.  Defendant has been advised it may not proceed before the court without counsel.  (Dkt. 104.)  *See* M.D. Fla. R. 2.02(b)(2) ("A party, other than a natural person, can appear through the lawyer only.").

The Motion was served on Defendant by first class mail to Defendant's registered agent on January 3, 2022.  Service was complete upon mailing.  *See* Fed. R. Civ. P. 5(b)(2)(C).  On February 8, 2022, the court entered an order directing Defendant to respond to the Motion, if warranted, on or before February 18, 2022.  (Dkt. 104.)  The court advised that if Defendant failed to file a response, the court may deem the Motion as unopposed pursuant to Middle District of Florida Local Rule

3.01(c).  No response has been filed and the court therefore deems the Motion unopposed.

In the Motion, Plaintiff seeks an order compelling Defendant to provide responses to requests for production and to appear for a deposition in accordance with Federal Rule of Civil Procedure 30(b)(6).  (Dkt. 100.)  According to Plaintiff, Defendant initially responded to a post-judgment subpoena duces tecum, but objected to all requests and failed to produce any documents.  (Dkt. 102-1.)  Subsequently, although Defendant appeared for a deposition through its sole member, Christopher Brown, on July 1, 2021, Defendant did not produce any documents as directed and indicated a lack of knowledge to most areas of inquiry.  (Dkt. 102-2.)  Plaintiffs then served a Collection Request to Produce on Defendant.  (Dkt. 102-4.)  Despite subsequent follow-up with Defendant's former counsel, Defendant has not responded to Plaintiffs' Collection Request to Produce.  Therefore, Plaintiffs move for an order compelling Defendant to respond to Plaintiffs' discovery requests and appear for a second deposition, at Defendant's expense.  (Dkt. 100 at 6.)

"Absent a stay on some ground, [parties] are free to seek execution of the judgment, pursuant to Fed. R. Civ. P. 69."  *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002).  Judgment enforcement must accord with the procedure of the state where the court is located.  Fed. R. Civ. P. 69(a)(1).  In Florida, a person who has recovered a judgment in any court against any person or entity "may obtain discovery from any person, including the judgment debtor."  Fla. R. Civ. P. 1.560(a).  Further, the "scope of post-judgment discovery is broad, and courts allow a judgment

creditor the freedom of inquiry to discover concealed assets of a judgment debtor." *In re Bavelis*, No. 17-cv-61269, 2020 WL 4003496, at *2 (S.D. Fla. July 15, 2020) (punctuation and citation omitted).  As Defendant failed to file a response to the Motion, the court finds that Plaintiffs are entitled to the requested discovery.

Accordingly, it is **ORDERED**:

1. Plaintiffs' Renewed Motion to Compel Discovery ("Motion") (Dkt. 100) is **GRANTED**.

2. Defendant shall respond to Plaintiffs' Collection Requests for Production within thirty (30) days of this order.

3. Defendant shall appear for a supplemental deposition within forty-five (45) days of this order, on notice from Plaintiffs as to the date, time, location, and topics of inquiry.  Defendant shall designate an officer, director, managing agent, or other person with knowledge of the topics of inquiry to testify on Defendant's behalf.

4. Plaintiffs' request that Defendant pay the expenses of the supplemental deposition is denied.

5. Plaintiffs shall serve a copy of this order on Defendant in accordance with Federal Rule of Civil Procedure 5.

**DONE** and **ORDERED** in Tampa, Florida, on February 23, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Defendant Metro Solutions, LLC