UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMBER PIPER and OSCAR AQUINO,

    Plaintiffs,

v.                                                      Case No: 8:18-cv-3038-TPB-JSS

METRO SOLUTIONS, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs move for an order to show cause against Defendant. (Motion, Dkt. 108.) Plaintiffs contend Defendant Metro Solutions, LLC has failed to comply with this court's orders and should be held in contempt. The court held an evidentiary hearing on the Motion on May 11, 2022 and June 9, 2022. During the hearing, the court admitted 42 exhibits into evidence. (Dkts. 120, 122, 123, 130.) Upon consideration and for the reasons that follow, the undersigned recommends that the Motion be granted.

## FACTUAL FINDINGS

Plaintiffs commenced this action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* against Defendant, Metro Solutions, LLC ("Defendant") and Christopher Brown[1] on December 17, 2018. (Dkt. 1.) The parties proceeded

---

[1] Pursuant to a settlement agreement, the court dismissed all claims against Christopher Brown with prejudice and terminated him as a party. (Dkts. 32, 67.)

through discovery and this matter was set for the March 2020 trial term. (Dkt. 39.) Due to the onset of the COVID-19 pandemic, trial was postponed. (Dkts. 54, 57.) In the interim, Defendant's counsel withdrew from the case and Defendant was ordered to obtain replacement counsel. (Dkt. 56.) Defendant failed to obtain replacement counsel as directed. On May 5, 2020, the court directed Defendant to show cause why the court should not strike Defendant's pleadings and enter a default against Defendant for failure to follow the court's directive. (Dkt 58.) Defendant failed to show cause and the court ordered the clerk to strike Defendant's answer and enter a default against Defendant. (Dkt. 120-1.)

Following the clerk's default, Plaintiffs moved for default judgment against Defendant. (Dkt. 66.) The court granted the motion and granted Plaintiffs compensatory and punitive damages, along with attorney's fees and costs, with post-judgment interest accruing pursuant to 28 U.S.C. § 1961. (Dkts. 91, 120-2, 120-3.) Thereafter, Plaintiffs sought to obtain post-judgment discovery from Defendant to aid in collection. Plaintiffs served Defendant, through Mr. Brown, with a deposition subpoena duces tecum on April 27, 2021. (Dkts. 120-6, 120-8.) In response, Defendant objected to every request in the subpoena and did not produce any documents. (Dkt. 122-1.) Mr. Brown appeared at the deposition but did not bring any documents. (Dkt. 120-9.) Subsequently, Plaintiffs served a Collection Request to Produce. (Dkt. 120-4.) Defendant never responded to the Collection Request to Produce. (Dkts. 122-3, 123-1, 130-8.)

Plaintiffs then filed a motion to compel discovery. (Dkt. 123-4.) The court directed Defendant to file a response to the motion to compel, if warranted. (Dkt. 123-3.) Defendant never filed a response. On February 23, 2022, the court granted Plaintiffs' motion and directed Defendant to respond to Plaintiff's Collection Request to Produce within thirty (30) days ("February 23 Order"). (Dkts. 105, 123-5.) The court further directed Plaintiffs to serve a copy of the February 23 Order on Defendant in accordance with Federal Rule of Civil Procedure 5. (*Id.*) Plaintiffs complied with the court's directive and served the order by United States mail. (Dkt. 106.)

On March 30, 2022, Plaintiffs filed the instant Motion seeking an order directing Defendant to show cause why it should be held in contempt for failure to comply with the February 23 Order. (Dkt. 108.) The presiding district court judge referred the Motion to the undersigned.[2] The undersigned held an evidentiary hearing on May 11, 2022. (Dkt. 118.) During that hearing, the court asked Plaintiffs to send a final notice to Defendant informing him of the Motion and providing a final opportunity to respond within twenty days. Counsel complied with the court's directive. (Dkt. 130-8.) On June 9, 2022, after the response time passed, Plaintiffs appeared again before the undersigned for a second evidentiary hearing. Plaintiffs established that despite ample notice and the multiple opportunities provided to Defendant to comply with the court's February 23 Order, Defendant has failed to do so. (Dkt. 130-8, 130-11.)

---

[2] Pursuant to 28 U.S.C. § 636(e), as this case is not a civil consent case or misdemeanor case, and the acts of contempt were not committed in the undersigned's presence, the undersigned issues this report and recommendation certifying the underlying facts to the presiding district court judge.

## APPLICABLE STANDARDS

Under Rule 37(b), if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may" treat "as contempt of court the failure to obey." Fed. R. Civ. P. 37(b)(2)(A)(vii). The court "has broad authority under Rule 37 to control discovery" and "sanctions are intended to prevent unfair prejudice to the litigants and [e]nsure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

"In a civil contempt proceeding, the petitioning party bears the burden of establishing by 'clear and convincing' proof that the underlying order was violated." *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990). This proof "must also demonstrate that (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Jordan v. Wilson*, 851 F.2d 1290, 1292 n.2 (11th Cir. 1988). Nonetheless, "[c]onduct that evinces substantial, but not complete, compliance with the court order may be excused if it was made as part of a good faith effort at compliance." *Khimani*, 892 F.2d at 1516. Additionally, sanctions are not generally warranted where a party has shown that it made all reasonable efforts to comply with the court's order. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1050 (11th Cir. 1994).

## ANALYSIS

The undersigned recommends that a finding of civil contempt may be warranted in this case. Defendant has been served with all relevant documents, including court's February 23 Order, notice of hearing before the undersigned, and Plaintiffs' final correspondence. (Dkts. 120-7, 123-2, 123-13, 123-14, 130-8, 130-11, 130-12, 130-13.) The February 23 Order included a clear, unambiguous directive to Defendant provide the requested discovery within 30 days. (Dkts. 105, 123-5.) Based upon the record before the undersigned, Defendant failed to comply with the February 23 Order and has not provided any justification or excuse for its non-compliance. As such, the undersigned recommends that the court direct Defendant to show cause why it should not be held in contempt for failure to comply with the court's order.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Order to Show Cause (Dkt. 108) be **GRANTED.**

2. The court issue an order directing Defendant to show cause why it should not be held in contempt for failure to comply with the court's February 23 Order (Dkt. 105).

3. If the court issues an order to show cause, Plaintiffs be directed to serve a copy of their Motion, this Report and Recommendation, and the order to show cause on Defendant in accordance with Federal Rule of Civil Procedure 5.

**IT IS SO REPORTED** in Tampa, Florida, on June 14, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record